FILED
APR 06 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Ronald Satish Emrit, )
         Plaintiff, )
          )
v. )   Civil Action No. 17-2849 (UNA)
          )
Ajit Pai *et al.*, )
         Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff is a resident of Fort Worth, Texas. He sues members of the Federal Communications Commission, President Donald Trump, Attorney General Jeff Sessions, the Chairman of the Federal Trade Commission, Commerce Secretary Wilbur Ross, Small Business Administrator Linda McMahon, and U.S. International Trade Commissioner Irving Williamson.

Plaintiff alleges that the defendants violated his "constitutional rights by trying to repeal 'net neutrality,' i.e. a doctrine in place which preserves the internet as an 'even playing field . . . ." Compl. at 3. As a result, "the plaintiff has been feeling an unnecessary pressure to get his music videos distributed by a company called Vydia . . . ." Compl. ¶ 43. Plaintiff also contends that "all eleven of the defendants have committed a material breach of contract" and have violated "black-letter law" purportedly set out in several federal laws listed in the complaint. Compl. at 26. Plaintiff seeks $45 million in damages.

Under Article III of the Constitution, federal courts "may only adjudicate actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988), of which "the core component of standing is an essential and unchanging part[,]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). In order to satisfy the standing requirement, a plaintiff must establish at a minimum (1) that he has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical"; (2) that "a causal connection" exists "between the injury and the conduct complained of . . ., and [is] not the result of the independent action of some third party not before the court"; and (3) that the injury will "likely" be redressed by a favorable decision. *Id.* at 560-61 (alterations, internal quotation marks, and citations omitted).

Plaintiff has not pleaded facts establishing his standing to sue, and "the defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987); *see Lujan*, 504 U.S. at 560 (noting that "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III"). Plaintiff's claim is at most "a 'generalized grievance' shared in substantially equal measure by . . . a large class of citizens," and such grievances "normally do[ ] not warrant exercise of jurisdiction." *Warth v.*

*Seldin*, 422 U.S. 490, 499 (1975). Hence, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: April  6 , 2018

_____
United States District Judge